# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **EITAN BARR,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**MACYS.COM, LLC**, an Ohio limited liability company,<br><br>*Defendant*. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Eitan Barr ("Plaintiff" or "Barr") brings this Class Action Complaint and Demand for Jury Trial against Defendant Macys.com, LLC ("Defendant" or "Macy's") to stop the Defendant from violating the Florida Telephone Solicitation Act ("FTSA") by sending telemarketing text messages to Florida consumers who have specifically asked the Defendant to stop texting them. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1. Plaintiff Eitan Barr is a resident of Brandon, Florida.

2. Defendant Macy's is an Ohio limited liability company headquartered in New York. Defendant Macy's conducts business throughout this District and the U.S.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. 1332(d)(2). The matter in controversy exceeds $5,000,000, in the aggregate, exclusive of interest and costs, as each member of the proposed Class of thousands is entitled to up to $1,500.00 in statutory damages for each call that has violated the FTSA.

4. This Court has personal jurisdiction over the Defendant and the Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant does business and makes calls into this district where the Plaintiff is located.

**INTRODUCTION**

5. The FTSA prohibits initiating "an outbound telephone call, text message, or voicemail transmission to a consumer, business, or donor or potential donor who has previously communicated to the telephone solicitor or other person that he or she does not wish to receive an outbound telephone call, text message, or voicemail transmission [..] made by or on behalf of the seller whose goods or services are being offered." *See* Fla. Stat. § 501.059 (5)(a).

6. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

7. According to online robocall tracking service "YouMail," 4.3 billion robocalls were placed in September 2023 alone, at a rate of 142.4 million per day. www.robocallindex.com (last visited October 18, 2023).

8. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

9. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

10. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone*

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

3

*Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

11. Defendant Macy's is a retail brand which sells fashion products to consumers across the U.S.[3]

12. Defendant Macy's sends telemarketing text messages to consumers to solicit their fashion products, including to consumers who have explicitly requested Defendant to stop texting their phone numbers.

13. For example, in Plaintiff Barr's case, Defendant Macy's sent multiple solicitation text messages to his cell phone, including at least one text message after Plaintiff Barr specifically instructed Defendant to stop sending solicitation text messages his phone number.

14. In response to these unwanted telemarketing text messages, Plaintiff Barr brings forward this case seeking injunctive relief requiring the Defendant to cease from violating the FTSA, as well as an award of statutory damages to the members of the Class and costs.

---

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.linkedin.com/company/macy/about/

## PLAINTIFF BARR'S ALLEGATIONS

15. Plaintiff Barr is the subscriber and the sole user of the cell phone number beginning with an 813 Florid area code and ending with 1024.

16. In July 2022, Plaintiff Barr started receiving solicitation text messages from Defendant Macy's using the short code 62297.

17. On July 16, 2022, in response to Defendant's solicitation text message, Plaintiff Barr replied with "Stop" to stop Defendant from sending any more telemarketing text messages to Plaintiff's cell phone. Defendant Macy's acknowledged Plaintiff's stop request and confirmed that Plaintiff was "unsubscribed and will no longer receive promotional texts from Macy's."



18. Despite acknowledging Plaintiff's stop request and confirming that Plaintiff would not receive any more promotional text messages from Defendant, Defendant continued to send telemarketing text messages to Plaintiff Barr's cell phone.

19. On July 19, 2022, at 12:34 PM, Plaintiff Barr received another telemarketing text message on his cell phone from Defendant Macy's using the same short code 62297 and states "Get shopping" with a shortened url, which redirects the consumers to Defendant's online store at their website, www.macys.com, where Defendant offers to sell their products.



20. Defendant Macy's uses this short-end url, "mcys.co/…" frequently on their social media sites when directing consumers to their website.



21. If one texts Help to this short code, 62297, an automated response from Defendant Macy's is received.



22. Defendant Macy's customer service website provides ways to opt-out of receiving promotional text messages from Defendant's short code 62297:

---

[4] https://twitter.com/macys

> **Opt out of Macy's text messages**
> You can text any of the following words to 62297 to opt out of all future Promo Alert messages, or 31292 to opt out of all future Security Alert messages. Standard carrier rates apply.
> - STOP
> - END
> - QUIT
> - CANCEL
> - UNSUBSCRIBE
>
> Please note: These words are not case sensitive. You will receive a text confirming the opt out.
>
> You can also manage your text message notifications online. [5]

23. The unauthorized telemarketing text messages that Plaintiff received from or on behalf of the Defendant have harmed Plaintiff Barr in the form of annoyance, nuisance, and invasion of privacy, occupation of his phone line and disturbance of the use and enjoyment of his phone, wear and tear on the phone's hardware (including the phone's battery), and consumption of memory on the phone.

24. Seeking redress for these injuries, Plaintiff Barr, on behalf of himself and Class of similarly situated individuals, brings suit under the FTSA.

## CLASS ALLEGATIONS

25. Plaintiff Barr brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seek certification of the following Class:

> **Florida Stop Class:** All persons in Florida, who, on or after July 1, 2021, (1) Defendant (or an agent acting on behalf of the Defendant) texted (2) at least one time after they requested Defendant or its agent to stop calling or texting.

26. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2)

---

[5] https://customerservice-macys.com/articles/how-do-i-unsubscribe-from-macys-emails-and-text-messages

9

Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant has been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

27. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

28. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   (a) whether Defendant failed to maintain adequate policies and procedures for maintaining an internal do not call list;

   (b) whether Defendant or their agents placed calls and texts to Plaintiff and other members of the Florida Stop Class including at least once after

the consumer requested Defendant or their agent to stop calling or texting;

(c) whether the text messages violated the FTSA;

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

29. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither the Plaintiff nor his counsel have any interest adverse to the Class.

30. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, and thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to the Plaintiff. Additionally, the

damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Florida Telephone Solicitation Act**
**Violation of Fla. Stat. § 501.059**
**On Behalf of Plaintiff Barr and the Florida Stop Class**

31. Plaintiff Barr repeats and incorporates the allegations set forth in paragraphs 1 through 30 of this complaint as if fully set forth herein.

32. Plaintiff Barr brings this claim individually and on behalf of the Florida Stop Class Members against Defendant.

33. The FTSA prohibits "a telephone solicitor or other person" from initiating "an outbound telephone call, text message, or voicemail transmission to a consumer, business, or donor or potential donor who has previously communicated to the telephone solicitor or other person that he or she does not wish to receive an outbound telephone call, text message, or voicemail transmission, made by or on behalf of the seller whose goods or services are being offered." Fla. Stat. § 501.059(5)(a).

34. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(j).

35. In violation of the FTSA, Defendant initiated multiple outbound solicitation calls to Plaintiff Barr, and other members of the Florida Stop Class, who had previously communicated to Defendant that they did not wish to receive any solicitation calls from or on behalf of Defendant.

36. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff Barr and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff Barr and the Class members are also entitled to an injunction against future calls. *Id.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Barr individually and on behalf of the Class, prays for the following relief:

  a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

b) An award of damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the FTSA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Barr requests a jury trial.

DATED this 20th day of November, 2023.

**EITAN BARR**, individually and on behalf of all others similarly situated,

By: /s/ Stefan Coleman
Stefan Coleman (FL Bar No. 30188)
law@stefancoleman.com
Coleman PLLC
66 West Flagler Street, Suite 900
Miami, FL 33130
Telephone: (877) 333-9427

Avi R. Kaufman (FL Bar No. 84382)*
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 S Dixie Hwy, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881
*Lead counsel*

*Attorneys for Plaintiff and the putative Class*